225 [illegible] Ave 1402
Pasadena, CA 91101
(310) 251-0257
(310) 505-3524
PRO SE

FILE
FILED
2008 AUG -8 PM 2:32
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHILIP LAWRENCE,** <br> **Plaintiff,** <br> **v.** <br> **TURNER'S OUTDOORSMAN CORP.** <br> **Defendant.** | **Civil Action No. 08-CV-** EDCV 08-1073 -SGL (OPx) <br> **[Jury Trial Demanded]** |

## COMPLAINT

I/S
20

Plaintiff Philip Lawrence ("Plaintiff"), through his undersigned attorney, for his Complaint against Defendant Turner's Outdoorsman Corporation ("Defendant or Turner's Outdoorsman") alleges as follows:

## I. INTRODUCTION

1. Plaintiff brings this action against the Defendant to redress race discrimination, age discrimination, retaliation in employment and unfair competition. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981"); the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"); California tort provisions for wrongful termination in violation of public policy; the California Fair Employment and Housing Act, California Government Code § 12940 *et seq.* ("FEHA"); and the California Unfair Competition Law, Business and Professions Code § 17200 *et seq.* ("UCL").

The Plaintiff seeks declaratory relief, injunctive relief, reinstatement to his former position, back pay, front pay, compensatory, nominal, and punitive damages, and attorney's fees, costs, and expenses, all to redress Defendant's violations of law.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1343(4), 220 and 2202, 42 U.S.C. § 1981, and Title VII and ADEA. This Court has supplemental jurisdiction over the Plaintiff's California tort, UCL, and FEHA claims pursuant to 28 U.S.C. § 1367, as the allegations arise from, and are part of, the same case or controversy as the federal claims.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), and 42 U.S.C. § 2000e-5(a). The unlawful employment practices and the tort alleged were committed by Defendant within the State of California. The Plaintiff would have continued to work in Defendant's employ in the Southern District of California, but for the Defendant's discrimination, retaliation and tortuous conduct. The relevant employment records pertaining to this matter are maintained by the Defendant in Los Angeles, California. The Defendant is a resident of California, and, at the time of the violations of law alleged herein, Plaintiff was a resident of California.

## III. ADMINISTRATIVE EXHAUSTION

4. The Plaintiff has fulfilled all conditions precedent to the institution of this action pursuant to Title VII, ADEA and FEHA. The Plaintiff filed a timely charge of race and age discrimination with the California Department of Fair Employment and Housing ("DFEH"), and the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff has filed suit within the allotted time for filing suit after receiving his Notice of Right to Sue from the EEOC, such time period, normally ninety (90) days, having been extended by a series of tolling agreements entered into by the parties. Such tolling agreements extended the time for filing all

of the claims set forth in this Complaint. The Plaintiff's claims arising under 42 U.S.C. § 1981, California tort law, and the California UCL do not require the exhaustion of administrative remedies.

## IV. PARTIES

5. **Plaintiff Philip Lawrence** is an African-American male citizen of the United States and a former resident of the State of California. Plaintiff currently resides in the State of Texas. Plaintiff was hired by Defendant in July 2003 as Director of Loss Prevention, a position he held until January 2006.

6. Plaintiff was unlawfully terminated on January 8, 2006 based upon his race, age and/or in retaliation for having challenged Defendant's violations of the civil rights laws, and/or because he expressed concerns over Defendant's illegal maintenance of sensitive, federally regulated firearm inventory data.

7. **Defendant Turner's Outdoorsman Corporation** is a privately held corporation that owns and operates approximately (14) retail outlets throughout Southern California. Defendant specializes in the sale of products related to the sports of hunting, fishing, and shooting, and maintains a large inventory of both new and used firearms.

8. Defendant maintains its corporate headquarters in Ontario, California. It operates retail locations throughout Orange County and the surrounding area. Defendant is owned and principally operated by Don Small, a white male, who was Plaintiff's former supervisor.

10. The acts set forth in this complaint from July 20, 2003 forward were authorized, ordered, performed, approved, and/or ratified by Defendant's officers, executives, managers, agents, employees, and/or representatives while actively engaged in execution of Defendant's business.

## V. STATEMENT OF FACTS

11. Plaintiff was responsible for internal and external security for Defendant. Plaintiff's duties included answering alarm calls, overseeing loss investigations, screening job applicants, and acting as a liaison to local, state, and federal law enforcement agencies.

12. During and around December 2003, Plaintiff began to observe Defendant's employees acting in violation of United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") regulations for the management of firearm inventory.

13. Multiple employees of the Defendant informed Plaintiff that Defendant engaged in a pattern of non-compliance with ATF regulations.

14. In 2003, Plaintiff confronted Shirley Andrews ("Andrews"), Defendant's former owner, with concerns over ongoing federal violations.

15. Plaintiff observed no change in Defendant's policies regarding ATF compliance after addressing the issue with Andrews.

16. A recent ATF audit of Defendant's San Marcos, California retail location revealed multiple violations.

17. Defendant's San Marcos, California retail location was subsequently issued a suspension of its license to sell firearms.

18. In December 2005, Plaintiff expressed concern over non-compliance with ATF regulations directly to Small.

19. At that time, Small was Plaintiff's supervisor and Defendant's owner.

20. Small informed Plaintiff that Defendant would address the issues of non-compliance as Small saw fit.

21. Small also indicated that Plaintiff was barred from discussing Defendant's ATF compliance matters with third parties, pursuant to his confidentiality agreement.

22. Small's attitude and outward expressions towards Plaintiff yielded a hostile work environment.

23. Small marginalized Plaintiff's contributions to Defendant's operations, as well as Plaintiff's intelligence.

24. Small approached race relations in a dismissive manner.

25. On or about January 6, 2006, Small telephoned Plaintiff to inquire as to his location.

26. Plaintiff informed Small that Plaintiff was rightfully absent on January 6, 2006.

27. Plaintiff reported to work at Defendant's warehouse location on January 8, 2006.

28. Defendant, via Small, terminated Plaintiff's employment shortly after Plaintiff's arrival on January 8, 2006.

29. Small informed Plaintiff that Plaintiff was being replaced with another individual, Gary Pomerantz ("Pomerantz").

30. Small indicated that Pomerantz would provide Defendant's operations with a "new, younger feel."

31. Pomerantz is a white male and several years younger than Plaintiff.

32. Small ordered that Plaintiff's termination be effective immediately, as of January 8, 2006.

## VI. CAUSES OF ACTION

### <u>COUNT ONE</u>

**(Discrimination on the Basis of Race in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*)**

33. Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

34. Defendant has discriminated against Plaintiff on the basis of race and treated him differently than similarly situated non-black employees in violation of Title VII.

35. Defendant has engaged in and perpetuated discriminatory conduct against the Plaintiff which resulted in a hostile work environment. Despite being aware of this conduct, Defendant did not take prompt, effective remedial action. Defendant is thus directly or vicariously liable for racial discrimination under Title VII.

36. Defendant's discriminatory conduct has caused Plaintiff to experience severe harm, including loss of wages and compensation, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, and indignity, in addition to the resulting economic injury and loss.

37. By reason of Defendant's discrimination, Plaintiff is entitled to all equitable and legal remedies available under Title VII, including but not limited to: declaratory relief, injunctive relief, back pay, front pay, nominal, compensatory, and punitive damages, and reinstatement with restoration of his position, seniority and benefits.

## COUNT TWO

**(Discrimination on the Basis of Race in Violation of The Civil Rights Act of 1866, 42 U.S.C. § 1981)**

38. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

39. Defendant has discriminated against Plaintiff on the basis of his race by denying him the same rights as are enjoyed by white persons in the making, performance, modification, and termination of his employment relationship with Defendant and the enjoyment of all benefits, privileges, terms and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

40. Defendant has discriminated against Plaintiff through incidents of harassment, and treatment disparate to that of similarly situated, white persons in violation of § 1981.

41. Defendant's conduct has been intentional, deliberate, willful, and conducted with callous disregard to the rights of Plaintiff.

42. Defendant's discriminatory conduct has caused Plaintiff to experience severe harm, including loss of wages and compensation, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity in addition to the resulting economic injury and loss.

43. By reason of Defendant's discrimination, Plaintiff is entitled to all equitable and legal remedies available under § 1981, including but not limited to: declaratory relief, injunctive relief, back pay, front pay, nominal, compensatory , and punitive damages, and reinstatement with restoration of his position and benefits.

## COUNT THREE

**(Discrimination on the Basis of Age in Violation of the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621)**

44. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

45. Plaintiff was 51 years old at the time of his termination, thus affording him protection under the ADEA, as specifically provided pursuant to 29 U.S.C. § 631.

46. Defendant committed a willful and knowing violation of ADEA by terminating Plaintiff's employment on the basis of his age and Defendant's desire to fill that position with a younger individual.

47. Defendant's discriminatory practices have caused Plaintiff to experience severe harm, including loss of wages and compensation, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity in addition to the resulting economic injury and loss.

48. By reason of Defendant's discrimination, Plaintiff is entitled to all equitable and legal remedies available under ADEA, including but not limited to: declaratory relief, injunctive relief, back pay, front pay, nominal, compensatory, and punitive damages, and reinstatement with restoration of his position and benefits.

## COUNT FOUR

**(Wrongful Termination in Violation of the Public Policy of the State of California)**

49. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

50. Defendant's action in terminating Plaintiff was motivated by, in addition to Plaintiff's race and age, retaliatory motives stemming from Plaintiff's concern over ongoing and serious breaches of ATF regulations.

51. By addressing the issue of non-compliance with ATF regulations pursuant to Tile 27 of the Code of Federal Regulations with Small, Plaintiff reported a statutory violation for the benefit of the public.

52. By terminating Plaintiff for this reporting, Defendant violated an element of California public policy that is fundamental, beneficial, and embodied in statute and/or provisions of the Constitution.

53. Plaintiff reasonably believes that his termination was motivated in some part by retaliation and that the aforementioned violation of public policy did occur.

54. By reason of this wrongful termination in violation of public policy, Plaintiff is entitled to all equitable relief afforded under this California tort provision, including but not limited to declaratory relief, injunctive relief, and nominal, compensatory and punitive damages.

## COUNT FIVE

**(Age Discrimination in Violation of the California Fair Employment and Housing Act Cal. Gov. Code § 12900 *et seq.*)**

55. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

56. The California FEHA, Cal. Gov. Code. § 12900 *et seq.*, prohibits discrimination and wrongful termination on the basis of age, provided the aggrieved party is over the age of forty (40).

57. At all times relevant to this action, Plaintiff was above the age of forty (40).

58. At all times relevant to this action, Defendant was doing business in the State of California and employed more than fifteen (15) persons, bringing Defendant within the provisions of Cal. Gov. Code § 12900 *et seq.*.

59. Defendant's discriminatory conduct has caused Plaintiff to experience severe harm, including loss of wages and compensation, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity in addition to the resulting economic injury and loss

60. By reason of Defendant's discrimination, Plaintiff is entitled to all equitable and legal remedies available under FEHA, including but not limited to: declaratory relief, injunctive relief, back pay, front pay, nominal, compensatory, and punitive damages, and reinstatement with restoration of his position and benefits.

61. Because Defendant's actions violated the provisions of FEHA, Plaintiff is further entitled to relief in the form of attorneys fees pursuant to Cal. Gov. Code § 12965(b).

**COUNT SIX**

**(Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq.*)**

62. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

63. Cal. Bus. & Prof. Code § 17200, *et seq.*, prohibits acts of unfair competition which includes any "unlawful, unfair or fraudulent business act or practice."

64. Defendant engaged in "unlawful" business practices by discriminating against Plaintiff on account of Plaintiff's age, and in so doing, terminated Plaintiffs employment.

65. The policies, acts and practices described herein are an "unlawful . . . business act or practice" within the meaning of § 17200, *et seq.* because Defendant's discrimination against Plaintiff on the basis of age violates provisions of the FEHA, Cal. Gov. Code § 12900 *et seq.*.

## VII. PRAYER FOR RELIEF

66. Wherefore, the Plaintiff requests the following relief:

A. A declaratory judgment that the Defendant's conduct challenged herein is illegal and in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.,* the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 *et seq.,* California tort provisions related to wrongful termination in violation of public policy, the California Fair Employment and Housing Act, California Government Code § 12900 *et seq.*, and the California Unfair Competition Law, California Business and Professions Code § 17200 *et seq.*;

B. A permanent injunction against the Defendant and its officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in any further unlawful racial discrimination as set forth herein;

C. A permanent injunction against the Defendant and its officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in any further age discrimination, and other unfair and/or unlawful business practices pursuant to the UCL and California Business and Professions Code § 17200 *et seq.*;

D. An Order requiring Defendant to; (1) immediately reinstate Plaintiff Philip Lawrence into the position he would have held, but for the discriminatory

discharge and/or retaliation, (2) adjust his wages to account for market based and internal salary fluctuations that have occurred since his unlawful termination in January 2006, (3) reinstate all Plaintiff's employment and fringe benefits, and (4) expunge the termination and all references thereto from Plaintiff's employment records;

E. An award of back pay, front pay, lost benefits, and nominal, compensatory and punitive damages and other damages for loses suffered by Plaintiff Philip Lawrence;

F. Pre-judgment interest;

G. An award of litigation costs and expenses, including reasonable attorneys' fees, to Philip Lawrence;

H. Such other and further relief as the Court may deem just and proper, and;

I. Retention of jurisdiction by the Court until such time as the Court is satisfied that Defendant has remedied the violations complained of herein.

## VIII. JURY DEMAND

67. The Plaintiff requests a jury trial for all questions triable by jury.

Respectfully submitted, this the 8th day of August, 2008,

Phillip Lawrence
*Pro Se Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Philip Lawrence<br>PLAINTIFF(S)<br>v.<br>Turner's Outdoorsman Corp.<br>DEFENDANT(S). | CASE NUMBER<br>EDCV08-1073-SGL(OPx)<br>FOR OFFICE USE ONLY<br>SUMMONS |

TO: THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney Philip Lawrence, pro se, whose address is:
225 South Lake Ave., 1400
Pasadena, CA 91101

FOR OFFICE USE ONLY

an answer to the ☑ complaint ☐ ____________ amended complaint ☐ counterclaim ☐ cross-claim which is herewith served upon you within ______ days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

FOR OFFICE USE ONLY

Clerk, U.S. District Court

Dated: AUG - 8 2008

By: HANA RASHAD
Deputy Clerk

SEAL

*(Seal of the Court)*

FILE

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
PHILIP LAWRENCE
225 South Lake Ave 1400
Pasadena, CA 91101

**DEFENDANTS**
TURNER'S OUTDOORMANS CORP.

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
TEXAS

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
SAN BERNARDINO, ORANGE COUNTY

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Attorneys (If Known) N/A

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only**
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $**__________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 2000 et seq; 42 U.S.C. § 1981; 29 U.S.C. § 621 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☑ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☐ No ☐ Yes

If yes, list case number(s): NO

**FOR OFFICE USE ONLY:** Case Number: EDCV08-1073-SGL(OPx)
NO

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☐ No ☐ Yes

If yes, list case number(s): NO

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B. Involve the same or substantially the same parties or property;
☐ C. Involve the same patent, trademark or copyright;
☐ D. Call for determination of the same or substantially identical questions of law, or
☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

**IX. VENUE:** List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Texas

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.

SAN BERNARDINO ORANGE CO.

List the California County, or State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.

SAN BERNARDINO - ORANGE CO.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** [signature] **Date** 8-8-08

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |