ORIGINAL

OKORIE OKOROCHA (State Bar No. 226658)
Okorie@Employers-Worst-Nightmare.com
CALIFORNIA LEGAL TEAM
117 E. Colorado Blvd. • Suite 465
Pasadena, California 91105
(626) 792-1301 Telephone
(626) 340-4141 Facsimile

Attorney for PLAINTIFF

FILED
2009 APR -2 PM 3:49
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FILE BY FAX

PHILIP LAWRENCE,

Plaintiff,

vs.

TURNER'S OUTDOORSMAN CORP.

Defendant.

Case No. 5:08-cv-01073-SGL(OPX)

[Hon. Stephen G. Larson]

**FIRST AMENDED COMPLAINT OF PLAINTIFF PHILIP LAWRENCE:**

1. **Discrimination on the Basis of Race in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.)**
2. **Discrimination on the Basis of Race in Violation of The Civil Rights Act of 1866, 42 U.S.C. § 1981**
3. **Discrimination on the Basis of Age in Violation of the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621**
4. **Wrongful Termination in Violation of the Public Policy of the State of California**
5. **Age Discrimination in Violation**



California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

California Legal Team
780 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

**of the California Fair Employment and Housing Act Cal. Gov. Code § 12900 et seq.)**

6. **Unfair Competition in Violation of California Business and Professions Code § 17200 et seq.**
7. **For Employment Discrimination and Harassment based on race In Violation Of The Fair Employment And Housing Act**
8. **For Retaliation For Opposing Discrimination and Harassment Cal. Gov't. Code § 12940(h)**
9. **Failure To Prevent Discrimination and Harassment Cal. Gov't. Code § 12940(k)**

Courtroom: One
Action Filed: August 8, 2008

**COMPLAINT**

Plaintiff Philip Lawrence ("Plaintiff"), through his undersigned attorney, for his Complaint against Defendant Turner's Outdoorsman Corporation ("Defendant or Turner's Outdoorsman") alleges as follows:

## I. INTRODUCTION

1. Plaintiff brings this action against the Defendant to redress race discrimination, age discrimination, retaliation in employment and unfair competition. Plaintiff brings this action

pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"); the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("§ 1981"); the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 *et seq*. ("ADEA"); California tort provisions for wrongful termination in violation of public policy; the California Fair Employment and Housing Act, California Government Code § 12940 *et seq*. ("FEHA"); and the California Unfair Competition Law, Business and Professions Code § 17200 *et seq*. ("UCL"). The Plaintiff seeks declaratory relief, injunctive relief, reinstatement to his former position, back pay, front pay, compensatory, nominal, and punitive damages, and attorney's fees, costs, and expenses, all to redress Defendant's violations of law. All administrative remedies under the EEOC and the DFEH have been exhausted and proof thereof is on file with the Court.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1343(4), 220 and 2202, 42 U.S.C. § 1981, and Title VII and ADEA. This Court has supplemental jurisdiction over the Plaintiff's California tort, UCL, and FEHA claims pursuant to 28 U.S.C. § 1367, as the allegations arise from, and are part of, the same case or controversy as the federal claims.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), and 42 U.S.C. § 2000e-5(a). The unlawful employment practices and the tort alleged were committed by Defendant within the State of California. The Plaintiff would have continued to work in Defendant's employ in the Southern District of California, but for the Defendant's discrimination, retaliation and tortuous conduct. The relevant employment records pertaining to this matter are maintained by the Defendant in Los Angeles, California. The Defendant is a resident of California, and, at the time of the violations of law alleged herein, Plaintiff was a resident of California.

## III. ADMINISTRATIVE EXHAUSTION

4. The Plaintiff has fulfilled all conditions precedent to the institution of this action

California Legal Team
780 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

pursuant to Title VII, ADEA and FEHA. The Plaintiff filed a timely charge of race and age discrimination with the California Department of Fair Employment and Housing ("DFEH"), and the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff has filed suit within the allotted time for filing suit after receiving his Notice of Right to Sue from the EEOC, such time period, normally ninety (90) days, having been extended by a series of tolling agreements entered into by the parties. Such tolling agreements extended the time for filing all of the claims set forth in this Complaint. The Plaintiff's claims arising under 42 U.S.C. § 1981, California tort law, and the California UCL do not require the exhaustion of administrative remedies.

## IV. PARTIES

5. **Plaintiff Philip Lawrence** is an African-American male citizen of the United States and a former resident of the State of California. Plaintiff currently resides in the State of Texas. Plaintiff was hired by Defendant in July 2003 as Director of Loss Prevention, a position he held until January 2006.

6. Plaintiff was unlawfully terminated on January 8, 2006 based upon his race, age and/or in retaliation for having challenged Defendant's violations of the civil rights laws, and/or because he expressed concerns over Defendant's illegal maintenance of sensitive, federally regulated firearm inventory data.

7. **Defendant Turner's Outdoorsman Corporation** is a privately held corporation that owns and operates approximately (14) retail outlets throughout Southern California. Defendant specializes in the sale of products related to the sports of hunting, fishing, and shooting, and maintains a large inventory of both new and used firearms.

8. Defendant maintains its corporate headquarters in Ontario, California. It operates retail locations throughout Orange County and the surrounding area. Defendant is owned and principally operated by Don Small, a white male, who was Plaintiff's former supervisor.

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

10. The acts set forth in this complaint from July 20, 2003 forward were authorized, ordered, performed, approved, and/or ratified by Defendant's officers, executives, managers, agents, employees, and/or representatives while actively engaged in execution of Defendant's business.

## V. STATEMENT OF FACTS

11. Plaintiff was responsible for internal and external security for Defendant. Plaintiff's duties included answering alarm calls, overseeing loss investigations, screening job applicants, and acting as a liaison to local, state, and federal law enforcement agencies.

12. During and around December 2003, Plaintiff began to observe Defendant's employees acting in violation of United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") regulations for the management of firearm inventory.

13. Multiple employees of the Defendant informed Plaintiff that Defendant engaged in a pattern of non-compliance with ATF regulations.

14. In 2003, Plaintiff confronted Shirley Andrews ("Andrews"), Defendant's former owner, with concerns over ongoing federal violations.

15. Plaintiff observed no change in Defendant's policies regarding ATF compliance after addressing the issue with Andrews.

16. A recent ATF audit of Defendant's San Marcos, California retail location revealed multiple violations.

17. Defendant's San Marcos, California retail location was subsequently issued a suspension of its license to sell firearms.

18. In December 2005, Plaintiff expressed concern over non-compliance with ATF regulations directly to Small.

19. At that time, Small was Plaintiff's supervisor and Defendant's owner.

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0827

20. Small informed Plaintiff that Defendant would address the issues of non-compliance as Small saw fit.

21. Small also indicated that Plaintiff was barred from discussing Defendant's ATF compliance matters with third parties, pursuant to his confidentiality agreement.

22. Small's attitude and outward expressions towards Plaintiff yielded a hostile work environment.

23. Small marginalized Plaintiff's contributions to Defendant's operations, as well as Plaintiff's intelligence.

24. Small approached race relations in a dismissive manner.

25. On or about January 6, 2006, Small telephoned Plaintiff to inquire as to his location.

26. Plaintiff informed Small that Plaintiff was rightfully absent on January 6, 2006.

27. Plaintiff reported to work at Defendant's warehouse location on January 8, 2006.

28. Defendant, via Small, terminated Plaintiff's employment shortly after Plaintiff's arrival on January 8, 2006.

29. Small informed Plaintiff that Plaintiff was being replaced with another individual, Gary Pomerantz ("Pomerantz").

30. Small indicated that Pomerantz would provide Defendant's operations with a "new, younger feel."

31. Pomerantz is a white male and several years younger than Plaintiff.

32. Small ordered that Plaintiff's termination be effective immediately, as of January 8, 2006.

## VI. CAUSES OF ACTION

### COUNT ONE

**(Discrimination on the Basis of Race in Violation of**

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

California Legal Team
780 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*)**

33. Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

34. Defendant has discriminated against Plaintiff on the basis of race and treated him differently than similarly situated non-black employees in violation of Title VII.

35. Defendant has engaged in and perpetuated discriminatory conduct against the Plaintiff which resulted in a hostile work environment. Despite being aware of this conduct, Defendant did not take prompt, effective remedial action. Defendant is thus directly or vicariously liable for racial discrimination under Title VII.

36. Defendant's discriminatory conduct has caused Plaintiff to experience severe harm, including loss of wages and compensation, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, and indignity, in addition to the resulting economic injury and loss.

37. By reason of Defendant's discrimination, Plaintiff is entitled to all equitable and legal remedies available under Title VII, including but not limited to: declaratory relief, injunctive relief, back pay, front pay, nominal, compensatory, and punitive damages, and reinstatement with restoration of his position, seniority and benefits.

**COUNT TWO**

**(Discrimination on the Basis of Race in Violation of**

**The Civil Rights Act of 1866, 42 U.S.C. § 1981)**

38. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

39. Defendant has discriminated against Plaintiff on the basis of his race by denying him the same rights as are enjoyed by white persons in the making, performance, modification, and

termination of his employment relationship with Defendant and the enjoyment of all benefits, privileges, terms and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

40. Defendant has discriminated against Plaintiff through incidents of harassment, and treatment disparate to that of similarly situated, white persons in violation of § 1981.

41. Defendant's conduct has been intentional, deliberate, willful, and conducted with callous disregard to the rights of Plaintiff.

42. Defendant's discriminatory conduct has caused Plaintiff to experience severe harm, including loss of wages and compensation, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity in addition to the resulting economic injury and loss.

43. By reason of Defendant's discrimination, Plaintiff is entitled to all equitable and legal remedies available under § 1981, including but not limited to: declaratory relief, injunctive relief, back pay, front pay, nominal, compensatory , and punitive damages, and reinstatement with restoration of his position and benefits.

**COUNT THREE**

**(Discrimination on the Basis of Age in Violation of the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621)**

44. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

45. Plaintiff was 51 years old at the time of his termination, thus affording him protection under the ADEA, as specifically provided pursuant to 29 U.S.C. § 631.

46. Defendant committed a willful and knowing violation of ADEA by terminating

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

Plaintiff's employment on the basis of his age and Defendant's desire to fill that position with a younger individual.

47. Defendant's discriminatory practices have caused Plaintiff to experience severe harm, including loss of wages and compensation, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity in addition to the resulting economic injury and loss.

48. By reason of Defendant's discrimination, Plaintiff is entitled to all equitable and legal remedies available under ADEA, including but not limited to: declaratory relief, injunctive relief, back pay, front pay, nominal, compensatory, and punitive damages, and reinstatement with restoration of his position and benefits.

**COUNT FOUR**

**(Wrongful Termination in Violation of the**
**Public Policy of the State of California)**

49. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

50. Defendant's action in terminating Plaintiff was motivated by, in addition to Plaintiff's race and age, retaliatory motives stemming from Plaintiff's concern over ongoing and serious breaches of ATF regulations.

51. By addressing the issue of non-compliance with ATF regulations pursuant to Tile 27 of the Code of Federal Regulations with Small, Plaintiff reported a statutory violation for the benefit of the public.

52. By terminating Plaintiff for this reporting, Defendant violated an element of California public policy that is fundamental, beneficial, and embodied in statute and/or provisions of the

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

Constitution.

53. Plaintiff reasonably believes that his termination was motivated in some part by retaliation and that the aforementioned violation of public policy did occur.

54. By reason of this wrongful termination in violation of public policy, Plaintiff is entitled to all equitable relief afforded under this California tort provision, including but not limited to declaratory relief, injunctive relief, and nominal, compensatory and punitive damages.

**COUNT FIVE**

**(Age Discrimination in Violation of the**

**California Fair Employment and Housing Act**

**Cal. Gov. Code § 12900 *et seq.*)**

55. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

56. The California FEHA, Cal. Gov. Code. § 12900 *et seq*., prohibits discrimination and wrongful termination on the basis of age, provided the aggrieved party is over the age of forty (40).

57. At all times relevant to this action, Plaintiff was above the age of forty (40).

58. At all times relevant to this action, Defendant was doing business in the State of California and employed more than fifteen (15) persons, bringing Defendant within the provisions of Cal. Gov. Code § 12900 *et seq*..

59. Defendant's discriminatory conduct has caused Plaintiff to experience severe harm, including loss of wages and compensation, and other employment benefits. Plaintiff has further suffered emotional distress, humiliation, indignity in addition to the resulting economic injury and loss

60. By reason of Defendant's discrimination, Plaintiff is entitled to all equitable and legal remedies available under FEHA, including but not limited to: declaratory relief, injunctive relief, back

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

pay, front pay, nominal, compensatory, and punitive damages, and reinstatement with restoration of his position and benefits.

61. Because Defendant's actions violated the provisions of FEHA, Plaintiff is further entitled to relief in the form of attorneys fees pursuant to Cal. Gov. Code § 12965(b).

**COUNT SIX**

**(Unfair Competition in Violation of California Business and Professions Code § 17200 *et seq.*)**

62. The Plaintiff restates and realleges paragraphs 1 through 32 as though set forth here in full.

63. Cal. Bus. & Prof. Code § 17200, *et seq.*, prohibits acts of unfair competition which includes any "unlawful, unfair or fraudulent business act or practice."

64. Defendant engaged in "unlawful" business practices by discriminating against Plaintiff on account of Plaintiff's age, and in so doing, terminated Plaintiffs employment.

65. The policies, acts and practices described herein are an "unlawful . . . business act or practice" within the meaning of § 17200, *et seq.* because Defendant's discrimination against Plaintiff on the basis of age violates provisions of the FEHA, Cal. Gov. Code § 12900 *et seq.*.

**COUNT SEVEN**

(For Employment Discrimination and Harassment based on race In Violation Of The Fair Employment And Housing Act)

66. Plaintiff re-alleges and incorporates by this reference each and every allegation contained in paragraphs 1 through 66, inclusive, as though fully set forth herein.

67. At all times herein mentioned, California Constitution, Article I, § 8, California

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

Government Code §§ 11135, 12900-12996, and Labor Code §§ 98.7, 1050-1054, 1101-1105, 1171-1200, and 2922 were in full force and effect, and were binding on Defendants. Said sections and laws, *inter alia*, mandated that Defendants refrain from discriminating against any employee on the basis of race or national origin and sex, among other things.

68. Plaintiff is now, and was at all times material hereto An African American—which is a protected class.

69. As described above, the Plaintiff was the victim of racial discrimination for which Defendants are responsible.

70. As a direct and proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered physical and emotional injury, consequential and incidental losses, including but not limited to loss of income and benefits.

71. As a further proximate result of Defendants' despicable discriminatory actions, as alleged above, Plaintiff has suffered general and compensatory damages in that Plaintiff has foreseeably suffered humiliation, mental anguish, severe emotional and physical distress, and has been injured in mind and body in an amount according to proof.

72. Defendants' above-referenced despicable actions were done with malice, fraud and oppression, and in reckless disregard of Plaintiff's rights. Plaintiff is therefore entitled to punitive damages in an amount necessary to punish defendants and deter such conduct in the future.

73. As a further and proximate result of Defendants' despicable discriminatory actions, as alleged above, Plaintiff is entitled to reasonable costs and attorneys' fees pursuant to the Fair Employment and Housing Act, California Government Code § 12900, *et seq.*

## COUNT EIGHT

(For Retaliation For Opposing Discrimination and Harassment

Cal. Gov't. Code § 12940(h))

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73 as though fully set forth herein.

74. At all times material hereto, Defendant acting through individually and in concert

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

engaged in a pattern of harassment and discrimination against Plaintiff based on his race all as aforepled.

78. Plaintiff complained about this harassment and discrimination and was retaliated against by having his employment sabotaged and eventually terminated.

79. Plaintiff is informed and believes and thereon alleges that these adverse employment actions were taken in retaliation for his opposing discriminatory and harassing practices forbidden by FEHA. Said conduct violates Cal. Gov't. Code § 12940(h), which precludes retaliation for opposing such practices.

80. As a proximate result of said retaliation as aforepled, Plaintiff suffered emotional distress damages in an amount in excess of the minimum jurisdiction of this court and according to proof.

81. As a further proximate result of said retaliation, Plaintiff lost employment benefits, including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

82. As a further proximate result of this harassment as aforepled, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees and costs of suit according to proof, as provided by Cal. Gov't. Code § 12965(b).

83. The aforepled conduct constitutes oppression, fraud, and malice thereby entitling plaintiff to an award of punitive damages.

**COUNT 9**

(Failure To Prevent Discrimination and Harassment Cal. Gov't. Code § 12940(k) - Against DEFENDANT)

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 83 as though fully set forth herein:

84. At all times herein material, Defendant, knew or reasonably should have known that the conduct alleged herein would and did proximately cause the physical and emotional distress to Plaintiff as alleged above.

85. At all times herein material, Defendant had the power, ability, authority and duty to

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

cease the conduct alleged above and to intervene to prevent or prohibit such conduct.

86. In violation of Cal. Gov't. Code § 12940(k), Defendant, and/or their agents/employees, failed to take all reasonable steps necessary to prevent the above-alleged discrimination and harassment from occurring.

87. As a direct, foreseeable and legal result Defendant's, actions, Plaintiff has suffered and continues to suffer substantial losses incurred in seeking substitute employment and in earnings, bonuses, deferred compensation, and other employment benefits, and has suffered and continues to suffer substantial embarrassment, extreme and severe humiliation, mental anguish, and emotional distress, plus physical injuries, pain and suffering, all to her damage in an amount according to proof.

88. As a further proximate result of this harassment as aforepled, Plaintiff was required to and did retain attorneys and is therefore entitled to an award of attorney's fees and costs of suit according to proof, as provided by Cal. Gov't. Code § 12965(b).

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0827

## VII. PRAYER FOR RELIEF

89. Wherefore, the Plaintiff requests the following relief:

A. A declaratory judgment that the Defendant's conduct challenged herein is illegal and in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, the Age Discrimination Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, California tort provisions related to wrongful termination in violation of public policy, the California Fair Employment and Housing Act, California Government Code § 12900 *et seq.*, and the California Unfair Competition Law, California Business and Professions Code § 17200 *et seq.*;

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

B. A permanent injunction against the Defendant and its officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in any further unlawful racial discrimination as set forth herein;

C. A permanent injunction against the Defendant and its officers, owners, agents, successors, employees and representatives, and any and all persons acting in concert with them, from engaging in any further age discrimination, and other unfair and/or unlawful business practices pursuant to the UCL and California Business and Professions Code § 17200 *et seq.*;

D. An Order requiring Defendant to; (1) immediately reinstate Plaintiff Philip Lawrence into the position he would have held, but for the discriminatory discharge and/or retaliation, (2) adjust his wages to account for market based and internal salary fluctuations that have occurred since his unlawful termination in January 2006, (3) reinstate all Plaintiff's employment and fringe benefits, and (4) expunge the termination and all references thereto from Plaintiff's employment records;

E. An award of back pay, front pay, lost benefits, and nominal, compensatory and punitive damages and other damages for loses suffered by Plaintiff Philip Lawrence;

F. Pre-judgment interest;

G. An award of litigation costs and expenses, including reasonable attorneys' fees, to Philip Lawrence;

H. Such other and further relief as the Court may deem just and proper, and;

I. Retention of jurisdiction by the Court until such time as the Court is satisfied

that Defendant has remedied the violations complained of herein.

## VIII. JURY DEMAND

90. The Plaintiff requests a jury trial for all questions triable by jury.

Dated: February 29, 2009

Okorie Okorocha

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627

**PROOF OF SERVICE BY E-MAIL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF
CALIFORNIA

Case No. 5:08-cv-01073-SGL-OP

I, Okorie Okorocha, declare:I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is117 East Colorado Boulevard, Suite 465, Pasadena, California 91105.

I am counsel for the plaintiff in this action. On March 25, 2009, I served **FIRST AMENDED COMPLAINT OF PLAINTIFF PHILIP LAWRENCE:** on the other parties in this action by e-mail:

Mark E. Goldsmith - State Bar No. 127701 [Turners Outdoorsman]
meg@kirtlandpackard.com
Joshua A. Fields - State Bar No. 242938
jf@kirtlandpackard.com
KIRTLAND & PACKARD, LLP
2361 Rosecrans Avenue, Fourth Floor
El Segundo, CA 90245
Telephone: (310) 536-1000

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 25, 2009, at Pasadena, California.

Okorie Okorocha

California Legal Team
790 East Colorado Blvd., Penthouse
Pasadena, California 91101
(626) 240-0627